CHRYSLER CORPORATION, Appellant,

v.

DALLAS POWER & LIGHT COMPANY, Appellee.

No. 4765.

Court of Civil Appeals of Texas, Eastland.

April 25, 1975.

Rehearing Denied May 16, 1975.

Edward E. Crowell, Jr., Gardere, Porter & DeHay, Dallas, for appellant.

Robert A. Wooldridge, Worsham, Forsythe & Sampels, Dallas, for appellee.

RALEIGH BROWN, Justice.

This is a summary judgment case. Chrysler Corporation sought to recover for water damage to 545 automobiles. The loss occurred when waters released by Dallas Power & Light Company through its Mountain Creek Dam flooded the premises of Big D Auto Auction where the cars were being stored. Chrysler alleged Dallas Power & Light was negligent in releasing a great and unnatural volume of water and in not warning Chrysler of such action. It also invoked the doctrine of res ipsa loquitur.

The trial court sustained Dallas Power & Light's special exceptions to all of Chrysler's allegations of negligence and allegation of res ipsa loquitur. Chrysler did not replead. The trial court then granted Dallas Power & Light's motion for summary judgment on the ground that Chrysler had failed to state a cause of action. Chrysler appeals.

One of Chrysler's contentions is the trial court erred in sustaining exceptions to its pleadings and thereby striking subparagraphs (2) and (3) of paragraph V of Plaintiff's First Amended Original Petition. Such pleadings alleged:

"That at the time and on the occasion in question, the Defendant, by and through its agents, servants and/or employees, acting in the course and scope of their employment, was guilty of the following negligent acts and/or omissions which proximately caused the Plaintiff's damage as more fully alleged hereinafter:

. . . . . .

(2) The Defendant, or its agents, servants or employees acting in the course and scope of their employment, failed to warn the Plaintiff or the personnel of Big D Auto Auction that a large volume of water would be discharged through the Defendant's dam.

(3) The Defendant, or its agents, servants or employees acting in the course and scope of their employment, failed to give timely warning to the Plaintiff or the personnel of Big D Auto Auction that a large volume of water would be discharged through Defendant's dam."

Dallas Power & Light argues that as a matter of law it had no duty to warn under the facts and circumstances as set forth in Chrysler's petition. It is their contention that such duty could only exist where a defendant created a situation of danger. They urge Dallas Power & Light did not cause the flood; nor was it responsible for the flood; nor did it create the danger which the flood waters presented; therefore, no duty to warn could exist.

In support of their position, Dallas Power & Light cites Buchanan v. Rose, 138 Tex. 390, 159 S.W.2d 109 (1942), as the governing case on the subject in Texas. They point to the following language from *Buchanan* for the proposition that they owed no duty to Chrysler:

"If the driver of the truck was negligent at all, it was because of . . . the broken bridge. Before we can determine whether he was negligent in failing to give warning, we must first decide whether he owed the legal duty to do so. * * * it may be said generally, as a matter of law, that a mere bystander who did not create the dangerous situation is not required to become the good Samaritan and prevent injury to others. Under the last rule, a bystander may watch a blind man or a child walk over a precipice, and yet he is not required to give warning. He may stand on the bank of a stream and see a man drowning, and, although he holds in his hand a rope that could be used to rescue the man, yet he is not required to give assistance. He may owe a moral duty to warn the blind man or to assist the drowning man, but being a mere bystander, and in nowise responsible for the dangerous situa-

tion, he owes no legal duty to render assistance."

In Ford Motor Company v. Dallas Power & Light Company, 499 F.2d 400 (5th Cir. 1974), a case involving the same flood and defendant, the court said:

"Texas law does recognize a duty to warn on the part of the person who creates a dangerous situation, although without negligence on his part. Buchanan v. Rose, 138 Tex. 390, 159 S.W.2d 109, 110 (1942). The Supreme Court in Buchanan stated:

We think it may also be said that if one by his own acts, although without negligence on his part, creates a dangerous situation * * * the one creating the same must give warning of the danger or be responsible for the consequences.

This rule has been acknowledged in subsequent Texas cases. E. g., Henderson v. Willmon, 407 S.W.2d 24, 27 (Tex. Civ.App.1966, writ dism'd); Courville v. Home Transportation Co., 497 S.W.2d 788, 791 (Tex.Civ.App.1973); Page v. Scaramozi, 288 S.W.2d 909, 911 (Tex. Civ.App.1956, writ ref'd n. r. e.); City of Austin v. Schmedes, 270 S.W.2d 442, 446 (Tex.Civ.App.1954), aff'd in part, rev'd in part, 1955, 156 Tex. 416, 279 S. W.2d 326.

Applying the Buchanan rule to the case of DP&L poses no problems. To be sure, DP&L did not create the flood. But it created, maintained and operated the dam, the presence of which posed nearly all of the problems of proper conduct. Moreover, DP&L was in effect a monitor of the flood waters. . . .

With this operational control over the instrumentality having damaging potentialities, the means of knowledge on existing conditions and likely future developments, and the capacity to make assessments on what would be done and the consequences thereof, DP&L had a duty to give such warning to Big D as would an ordinarily prudent person."

We hold the trial court improperly sustained the exceptions to the pleadings of Chrysler as set forth herein. The point of error is sustained. Therefor, the court erred in granting summary judgment on the pleadings.

The judgment is reversed and the cause remanded.

McCLOUD, C. J., not participating.