ACCEPTED
04-14-00899-cv
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
3/31/2015 4:47:38 PM
KEITH HOTTLE
CLERK

# 04-14-00899-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
03/31/2015 4:47:38 PM
KEITH HOTTLE
Clerk

In the

# Fourth Court of Appeals

### SITTING AT SAN ANTONIO

**LETICIA ZEPEDA VASQUEZ, Individually and on Behalf of the Estate of Jose Abraham Vasquez, Jr.,**

*Appellant,*

v.

**LEGEND NATURAL GAS III, LP; LEGEND NATURAL GAS, LLC; LEWIS ENERGY GROUP, LP; LEWIS PETRO PROPERTIES, INC.; ROSETTA RESOURCES OPERATING, LP; VIRTEX HOLDINGS, LLP; VIRTEX OPERATING CO., INC.; ENTERPRISE PRODUCTS HOLDINGS, LLC; ENTERPRISE PRODUCTS COMPANY; and XTO ENERGY, INC.,**

*Appellees*

**Appealed From the 81st District Court
La Salle County, Texas
Trial Court Cause No. 14-07-0019-CVL**

# APPELLANT'S OPENING BRIEF

**JEFFREY L. DORRELL**
State Bar No. 00787386
jdorrell@hanszenlaporte.com

# HANSZEN ✦ LAPORTE

11767 Katy Freeway, Suite 850
Houston, Texas 77079
Telephone: 713-522-9444
FAX: 713-524-2580
**ATTORNEY FOR APPELLANT**

**APPELLANT REQUESTS ORAL ARGUMENT**

## IDENTITY OF PARTIES & COUNSEL

Appellant certifies that the following is a complete list of the parties, the attorneys, and any other person who has any interest in the outcome of this matter:

| PARTIES | COUNSEL |
|---|---|
| **Leticia Zepeda Vasquez,** *Appellant* | Jeffrey Lee Dorrell<br>H. Mark Burck<br>Daniel Dutko<br>Hanszen Laporte, LLP<br>11767 Katy Freeway, Suite 850<br>Houston, Texas 77079<br>Telephone: 713-522-9444<br>FAX: 713-524-2580<br>Attorney for Appellant |
| **Legend Natural Gas III, LP, and Legend Natural Gas, LLC** *Appellees* | Isaac J. Huron<br>Davis, Cedillo & Mendoza, Inc.<br>McCombs Plaza, Suite 500<br>755 E. Mulberry Avenue<br>San Antonio, Texas 78213<br>Telephone: 210-822-6666<br>FAX: 210-822-1151<br>Attorney for Legend Natural Gas III, LP, and Legend Natural Gas, LLC |
| **Lewis Energy Group, LP, and Lewis Petro Properties, Inc.** *Appellees* | David L. Ortega<br>Naman Howell Smith & Lee, PLLC<br>1001 Reunion Place, Suite 600<br>San Antonio, Texas 78216<br>Telephone: 210-731-6300<br>FAX: 210-785-2953<br>Attorney for Lewis Energy Group, LP, and Lewis Petro Properties, Inc. |

**XTO Energy, Inc.**
    *Appellee*

Jose E. Garcia
Garcia & Villareal
4311 N. McColl Road
McAllen, Texas 78504
Telephone: 956-630-0081
FAX: 956-630-3631
Attorney for XTO Energy, Inc.

**Rosetta Resources Oper., LP**
    *Appellee*

William A. Abernethy
Donnell, Abernethy & Kieschnick, P.C.
555 N. Carancahua, Suite 1770
Corpus Christi, Texas 78401
Telephone: 361-888-5551
FAX: 361-880-5618
Attorney for Rosetta Resources Oper., LP

**Virtex Operating Co., Inc., and Virtex Holdings, LLP**
    *Appellees*

Christopher Lowrance
Royston, Rayzor, Vickery & Williams, LLP
802 Carancahua, Suite 1300
Corpus Christi, Texas 78401
Telephone: 361-884-8808
FAX: 361-884-7261
Attorney for Virtex Operating Co., Inc., and Virtex Holdings, LLP

**Enterprise Products Holdings, LLC, and Enterprise Products Co.**
    *Appellees*

E. Michael Rodriguez
Atlas, Hall & Rodriguez, LLP
P.O. Box 6369 (78523-6369)
50 W. Morrison Road, Suite A
Brownsville, Texas 78520
Telephone: 956-574-9333
FAX: 956-574-9337
Attorney for Enterprise Products Holdings, LLC, and Enterprise Products Co.

# TABLE OF CONTENTS

Page

IDENTITY OF PARTIES AND COUNSEL……………………………………ii

TABLE OF CONTENTS……………………………………………………iv

INDEX OF AUTHORITIES…………………………………………………v

STATEMENT OF THE CASE………………………………………………2

STANDARD OF REVIEW……...…………………………………………3

ISSUE PRESENTED FOR REVIEW………………………………………4

STATEMENT OF FACTS………………………...………………………5

SUMMARY OF ARGUMENT……………………………………………6

ARGUMENT………………………………………………………………7

Issue 1. **Did defendants have a legal duty to act to prevent Vasquez's death from the dangerous situation on Krueger Road that defendants *themselves* negligently created?** …………………………………………..7

CONCLUSION…………...…………………………………………………10

PRAYER…………………………………………………………………11

CERTIFICATE OF SERVICE…………………………………………12

CERTIFICATE OF WORD COUNT COMPLIANCE……………14

APPENDIX………………………………………………………………15

# INDEX OF AUTHORITIES
## <u>CASES</u>

**Page**

***Abalos v. Oil Development Co. of Texas***,
   544 S.W.2d 627 (Tex. 1976) …………………………………………**9**

***Buchanan v. Rose***,
   159 S.W.2d 109 (Tex. 1942) …………………………………………**9**

***Cactus Drilling Co. v. Williams***,
   525 S.W.2d 902 (Tex. Civ. App.—Amarillo 1975, writ ref'd n.r.e.)…**9**

***Chrysler Corp. v. Dallas Power & Light Co***.,
   522 S.W.2d 742 (Tex. Civ. App.—Eastland 1975, writ ref'd n.r.e.)….**9**

***City of Austin v. Liberty Mut. Ins***.,
   431 S.W.3d 817 (Tex. App.—Austin 2014, no pet.) …………………**3**

***Courville v. Home Transportation Co.***,
   497 S.W.2d 788 (Tex. Civ. App.—Beaumont 1973, writ ref'd n.r.e.)..**9**

***Dailey v. Thorpe***,
   445 S.W.3d 785 (Tex. App.—Houston [1st Dist.] 2014, no pet.)……**3**

***Dallas Ry. & Terminal Co. v. Archer***,
   167 S.W.2d 290 (Tex. Civ. App.—Dallas 1942, writ ref'd w.o.m.)….**9**

***Devoll v. Demonbreun***,
   2014 Tex. App. LEXIS 13865 at *4
   (Tex. App.—San Antonio December 31, 2014, n.p.h.) ………………**3**

***GoDaddy.com, LLC v. Toups***,
   429 S.W.3d 752 (Tex. App.—Beaumont 2014, pet. denied)…………**3**

***San Benito Bank & Trust Co. v. Travels***,
   31 S.W.3d 312 (Tex. App.—Corpus Christi 2000) …………………..**9**

***SmithKline Beecham Corp. v. Doe***,
   903 S.W.2d 347 (Tex. 1995) ……………………………………**8-9**

***Wooley v. Schaffer***,
   447 S.W.3d 71 (Tex. App.—Houston [14th Dist.]
   2014, pet. filed) ……………………………………………………**3, 7**

# **RULES**

TEX. R. CIV. P. 91a ……………………………………………….**Passim**

# 04-14-00899-CV

**LETICIA ZEPEDA VASQUEZ, Individually and on Behalf of the Estate of Jose Abraham Vasquez, Jr.,**

*Appellant*

v.

**LEGEND NATURAL GAS III, LP; LEGEND NATURAL GAS, LLC; LEWIS ENERGY GROUP, LP; LEWIS PETRO PROPERTIES, INC.; ROSETTA RESOURCES OPERATING, LP; VIRTEX HOLDINGS, LLP; VIRTEX OPERATING CO., INC.; ENTERPRISE PRODUCTS HOLDINGS, LLC; ENTERPRISE PRODUCTS COMPANY; and XTO ENERGY, INC.,**

*Appellees*

## APPELLANT'S OPENING BRIEF

Appellant **Leticia Zepeda Vasquez** files her opening brief. Appellant will be referred to individually by name, or as "plaintiff," as she was designated below. Appellees **Legend Natural Gas III, LP; Legend Natural Gas, LLC; Lewis Energy Group, LP; Lewis Petro Properties, Inc.; Rosetta Resources Operating, LP; Virtex Holdings, LLP; Virtex Operating Company, Inc.; Enterprise Products Holdings, LLC; Enterprise Products Company;** and **XTO Energy, Inc.,** will be referred to individually by name, or collectively as "defendants," as they were designated below.

1

## STATEMENT OF THE CASE

*Nature of the case*.  On July 21, 2014, plaintiff sued the ten defendants for negligence and gross negligence.  (CR 5-6.)  On October 2, 2014, plaintiff filed her first amended original petition asserting the same claims. (**Tab C**, CR 84-86.)  The various defendants generally denied, raised affirmative defenses, and counterclaimed.  (CR 8-56.)  The defendants' affirmative defenses and counterclaims are not at issue in this appeal.

*Course of proceedings*.  No trial was held.  Defendants Legend Natural Gas III, LP, and Legend Natural Gas, LLC, filed a motion to dismiss plaintiff's claims Under TEX. R. CIV. P. 91a.  (CR 62.)  A similar motion was included in the body of the answer filed by defendants Lewis Energy Group, LP, and Lewis Petro Properties.  (CR 52-53.)  On October 16, 2014, the trial court held an oral hearing on defendants' motions to dismiss.

*Trial court disposition*.  The trial court granted defendants' motions to dismiss on November 20, 2014, but failed to dispose of certain other claims. (CR 147-48.)  Plaintiff filed a premature notice of appeal.  (CR 159.)  On January 5, 2015, the trial court entered a final order granting all defendants' motions to dismiss and severing the undisposed claims.  (2d SCR 7-8.) (**Tab A**.)  On January 29, 2015, plaintiff filed an amended notice of appeal of the new order. (2d SCR 1.)

2

## STANDARD OF REVIEW

This Court reviews the trial court's dismissal of Vasquez's claims pursuant to TEX. R. CIV. P. 91a *de novo*. *Devoll v. Demonbreun*, 2014 Tex. App. LEXIS 13865 at *4 (Tex. App.—San Antonio December 31, 2014, n.p.h.); *Wooley v. Schaffer*, 447 S.W.3d 71, 75 (Tex. App.—Houston [14th Dist.] 2014, pet. filed); *Dailey v. Thorpe*, 445 S.W.3d 785, 787 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *City of Austin v. Liberty Mut. Ins*., 431 S.W.3d 817, 822 (Tex. App.—Austin 2014, no pet.); *GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014, pet. denied).

## ISSUE PRESENTED FOR REVIEW

**Issue 1:** Did defendants have a legal duty to act to prevent Vasquez's death from the dangerous situation on Krueger Road that defendants *themselves* negligently created?

## STATEMENT OF FACTS

On August 4, 2012, Jose Vasquez was tragically killed when his vehicle flipped over in an accident that could have been avoided if not for the negligence of defendants. (CR 82.) Vasquez was operating his vehicle on Krueger Road in La Salle County, Texas, when he was blinded by a dust cloud and drove into a ditch. (*Id*.) Once a safe, paved road for the public (CR 83), Kruger Road has now become dangerously dilapidated as a result of defendants' negligent use of the road to operate their oil and gas wells in the area. (CR 81-82.) The road now has potholes, crevices, bumps, and the road has no markings to determine the proper lanes of travel. (CR 83, 85.)

Defendants' negligent operation of their trucks and businesses includes sending hundreds or thousands of trucks every year—some over legal weight limits—driving "recklessly" or at too high a rate of speed down Krueger Road. (CR 83.) Defendants knew that their operations had created the dangerous conditions on Krueger Road that eventually killed Jose Vasquez. (CR 83-85.) Defendants did nothing either to repair Krueger Road or warn others of the dangerous conditions they have negligently created. (CR 83-85.)

## SUMMARY OF THE ARGUMENT

The trial court was bound to take plaintiff's factual allegations pled as true and liberally construe them in her favor. The trial court implicitly found that defendants owed no legal duty to Jose Vasquez when it dismissed his widow's claims under TEX. R. CIV. P. 91a because her claims allegedly had "no basis in law." However, Texas courts have long recognized at least two species of duty when a defendant creates a dangerous condition. If the defendant created the dangerous condition *negligently*, he has a duty to repair it. If the defendant created the dangerous condition without being negligent, he nevertheless still has a duty to warn those who may be injured as a result. The trial court erred when it failed to recognize defendants' duty to repair or to warn Jose Vasquez of the unreasonably dangerous condition their trucks had negligently created.

# ARGUMENT

## Argument and Authorities—Issue 1

**Issue 1:** Did defendants have a legal duty to act to prevent **Vasquez's death from the dangerous situation on Krueger Road that defendants *themselves* negligently created?**

Yes. However, the trial court implicitly found that there could be no such duty when it dismissed plaintiff's claims pursuant to Rule 91a as having "no basis in law."

Rule 91a allows a party to move to dismiss a baseless cause of action on the grounds that it has no basis in law or fact. TEX. R. CIV. P. 91a.1. In the case at bar, fact issues are not in dispute—the trial court's order is expressly limited to dismissal because the claims allegedly had "no basis in law." (**Tab A**.)

> **A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought.**

TEX. R. CIV. P. 91a.1. The trial court must decide a Rule 91a motion to dismiss based solely on the pleading of the cause of action, together with any exhibits permitted by Rule 59. TEX. R. CIV. P. 91a.6.

> **In conducting our [Rule 91a] review, … we must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings….**

***Wooley v. Schaffer***, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. filed) [emphasis added].

7

Thus, factual allegations the trial court was obliged to "take as true" and liberally construe in favor of plaintiff included:

(i)     It takes 1200 trucks to bring one oil or gas well into production; (**Tab C**, CR 81)

(ii)    It takes 350 trucks a year to maintain one oil or gas well; (**Tab C**, CR 81)

(iii)   The service life of roads in areas around oil or gas wells is reduced more than 30% per year due to well operations; (**Tab C**, CR 81-82)

(iv)    Defendants knew that La Salle County could not repair Krueger Road as fast as defendants destroyed it; (**Tab C**, CR 82)

(v)     Some of defendants' trucks travelled at an unsafe speed; (**Tab C**, CR 83)

(vi)    Some of defendants' trucks travelled "recklessly;" (**Tab C**, CR 84)

(vii)   Some of defendants' trucks were overweight; (**Tab C**, CR 83, 85)

(viii)  Krueger Road was once a safe, paved road for the public; (**Tab C**, CR 83)

(ix)    Krueger Road is now in a dangerously dilapidated condition, with potholes, crevices, and bumps; (**Tab C**, CR 83, 85)

(x)     Defendants knew they had created Krueger Road's dangerously dilapidated condition; (**Tab C**, CR 83, 85)

(xi)    It was foreseeable that Vasquez (or others) could be injured while in the lawful exercise of his right to drive on Krueger Road; (**Tab C**, CR 83) and

(xii)   Defendants did nothing either to repair Krueger Road or warn others of the dangerous conditions defendants had created there. (**Tab C**, CR 83)

8

Texas courts have long held that if a party creates a dangerous condition, he has a duty to prevent injury to others if it is reasonably foreseeable that others in the exercise of their lawful rights may be injured by the dangerous condition he created. *SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 353 (Tex. 1995); *Buchanan v. Rose*, 159 S.W.2d 109, 110 (1942); *San Benito Bank & Trust Co. v. Travels*, 31 S.W.3d 312, 319 (Tex. App.—Corpus Christi 2000).

> **[I]t may be said generally, on the one hand, that if a party negligently creates a dangerous situation it then becomes his duty to do something about it to prevent injury to others if it reasonably appears or should appear to him that others in the exercise of their lawful rights may be injured thereby.**

*Buchanan*, 159 S.W.2d at 110; *see also Abalos v. Oil Development Co. of Texas*, 544 S.W.2d 627, 632-33 (Tex. 1976); *Cactus Drilling Co. v. Williams*, 525 S.W.2d 902, 911 (Tex. Civ. App.—Amarillo 1975, writ ref'd n.r.e.); *Chrysler Corp. v. Dallas Power & Light Co*., 522 S.W.2d 742, 744 (Tex. Civ. App.—Eastland 1975, writ ref'd n.r.e.); *Courville v. Home Transportation Co*., 497 S.W.2d 788, 790-91 (Tex. Civ. App.—Beaumont 1973, writ ref'd n.r.e.); *Dallas Ry. & Terminal Co. v. Archer*, 167 S.W.2d 290, 293 (Tex. Civ. App.—Dallas 1942, writ ref'd w.o.m.).

Nor does it absolve a defendant of all duty if he creates the dangerous condition on a "public way"—*even if he does so without being negligent*:

> **We think it may also be said that if one by his own acts, although without negligence on his part, creates a dangerous situation in or along a public way and it reasonably appears that another in the lawful use of such way in the exercise of ordinary care for his own safety may be injured by the dangerous situation so created, the one creating the same must give warning of the danger or be responsible for the consequences. To illustrate: One who in the exercise of a lawful right, and without negligence on his part, makes an excavation across a street or sidewalk or on his premises in close proximity to a public way, or parks a vehicle in a road, or otherwise obstructs the road with a foreign substance, is bound to give warning of the danger created thereby.**

*Buchanan*, 159 S.W.2d at 110 [citations omitted]. Although the duty may be different—to *warn* others of the dangerous condition as opposed to a duty to *repair* the condition—there is nevertheless still a duty.

Defendants owed the ***Buchanan*** duties to Jose Vasquez. When they breached their duties, defendants caused Jose Vasquez's death.

## CONCLUSION

The trial court was bound to take plaintiff's factual allegations pled as true and liberally construe them in her favor. The trial court implicitly found that defendants owed no legal duty to Jose Vasquez when it dismissed his widow's claims under TEX. R. CIV. P. 91a as having "no basis in law." Because Texas courts have long recognized a duty when a defendant creates a dangerous condition, the trial court erred when it failed to recognize defendants' duty to repair or to warn Jose Vasquez of the unreasonably dangerous condition defendants' trucks had created.

10

## PRAYER

For these reasons, appellant Leticia Zepeda Vasquez prays that the Court reverse the trial court's dismissal of her claims and causes of action against defendants as having "no basis in law," and remand to the trial court for a trial.

Respectfully submitted,

**HANSZEN✦LAPORTE**

By: _____/s/ Jeffrey L. Dorrell_____
Jeffrey L. Dorrell
State Bar No. 00787386
jdorrell@hanszenlaporte.com
11767 Katy Freeway, Suite 850
Houston, Texas 77079
Telephone: 713-522-9444
FAX: 713-524-2580
**ATTORNEYS FOR APPELLANT LETICIA ZEPEDA VASQUEZ**

# CERTIFICATE OF SERVICE

I hereby certify that on _____3-31_____, 2015, a true and correct copy of the foregoing was sent by:

_____ Hand delivery
_____ Certified mail
_____ Telephonic document transfer
__X__ E-service in accordance with TEX. R. APP. P. 9.5(b)

in accordance with TEX. R. APP. P. 9.5(c) to the following counsel of record:

Mr. William A. Abernethy
Donnell, Abernethy & Kieschnick, P.C.
555 N. Carancahua, Suite 1770
Corpus Christi, Texas 78401
Telephone: 361-888-5551
**FAX: 361-880-5618**
**COUNSEL FOR DEFENDANT ROSETTA RESOURCES OPERATING, LP.**

Mr. David L. Ortega
Naman Howell Smith & Lee, PLLC
1001 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone: 210-731-6300
**FAX: 210-785-2953**
**COUNSEL FOR DEFENDANTS LEWIS ENERGY GROUP, LP, and LEWIS PETRO PROPERTIES, INC.**

Mr. Christopher Lowrance
Royston, Rayzor, Vickery & Williams, L.L.P.
802 Carancahua, Suite 1300
Corpus Christi, Texas 78401
Telephone: 361-884-8808
**FAX: 361-884-7261**
**COUNSEL FOR DEFENDANTS VIRTEX OPERATING CO., INC., and VIRTEX HOLDINGS, LLP**

Mr. Isaac J. Huron
Davis, Cedillo & Mendoza, Inc.
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78213
Telephone: 210-822-6666
**FAX: 210-822-1151**
**COUNSEL FOR DEFENDANTS LEGEND NATURAL GAS III, LP,**
**and LEGEND NATURAL GAS, LLC**

Mr. E. Michael Rodriguez
Atlas, Hall & Rodriguez, L.L.P.
P.O. Box 6369 (78523-6369)
50 W. Morrison Road, Suite A
Brownsville, Texas 78520
Telephone: 956-574-9333
**FAX: 956-574-9337**
**COUNSEL FOR DEFENDANTS ENTERPRISE PRODUCTS**
**HOLDINGS, LLC, and ENTERPRISE PRODUCTS CO.**

Mr. Jose E. Garcia
Garcia & Villareal
4311 N. McColl Road
McAllen, Texas 78504
Telephone: 956-630-0081
**FAX: 956-630-3631**
**COUNSEL FOR DEFENDANT XTO ENERGY, INC.**

/s/ Jeffrey L. Dorrell

**JEFFREY L. DORRELL**

13

## CERTIFICATE OF WORD COUNT COMPLIANCE

In compliance with TEX. R. APP. P. 9.4, relying on the word count function in the word processing software used to produce this document, I certify that the number of words in this document including footnotes (excluding captions, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix) is 1,343.

/s/ Jeffrey L. Dorrell

**JEFFREY L. DORRELL**

# 04-14-00899-CV

**LETICIA ZEPEDA VASQUEZ, Individually and on Behalf of the Estate of Jose Abraham Vasquez, Jr.,**

*Appellant*

v.

**LEGEND NATURAL GAS III, LP; LEGEND NATURAL GAS, LLC; LEWIS ENERGY GROUP, LP; LEWIS PETRO PROPERTIES, INC.; ROSETTA RESOURCES OPERATING, LP; VIRTEX HOLDINGS, LLP; VIRTEX OPERATING CO., INC.; ENTERPRISE PRODUCTS HOLDINGS, LLC; ENTERPRISE PRODUCTS COMPANY; and XTO ENERGY, INC.,**

*Appellees*

## APPELLANT'S APPENDIX

### LIST OF DOCUMENTS

1. January 5, 2015, Order Appealed From ……………………………**Tab A**

2. TEX. R. CIV. P. 91a. …………..……………………………………**Tab B**

3. Plaintiff's First Amended Original Petition ..……………………**Tab C**

15