**Opinion issued August 28, 2014**



In The

# Court of Appeals

### For The

# First District of Texas

———————————

### NO. 01-13-00492-CV

———————————

### VIRGINIA DAILEY AND JOHN W. DAILEY, Appellants

### V.

### AUDREY ADICKES THORPE, Appellee

On Appeal from County Civil Court at Law No. 2
Harris County, Texas
Trial Court Case No. 1024856-101

## O P I N I O N

Virginia Dailey and John W. Dailey appeal the trial court's dismissal of their claims against Audrey Adickes Thorpe pursuant to Texas Rule of Civil Procedure 91a.1. The claims arise from a conveyance of real property by the Daileys, a

transaction for which Thorpe served as the escrow officer.  Finding no error in the trial court's judgment, we affirm.

## Background

On January 8, 2011, the Daileys sold real property located at 910 Sunnyside Street in Houston, Texas to their son, Frank Dailey, and Frank's wife, Terry Dailey[1] for a total purchase price of $80,000—$10,000 due at closing, with the remaining balance to be seller-financed by the Daileys.  Thorpe, Terry's niece, is employed by Old Republic National Title Insurance Company and served as the escrow officer for the transaction.  Under the terms of the parties' agreement as memorialized in the HUD-1 Settlement Statement signed by all four parties, Frank and Terry made an initial payment of $10,000, which was disbursed to the Daileys at closing.  Frank and Terry also executed a promissory note in favor of the Daileys in the amount of $70,000, which was secured by a Deed of Trust mortgage against the property.  The Daileys, in turn, executed a general warranty deed conveying the property to Frank and Terry.  Thorpe was not a party to the promissory note or deed of trust.  Under the terms of the transaction, Frank and Terry agreed to pay an additional $1,748 in settlement charges, most of which were owed to Old Republic.

---

[1]     In order to avoid any confusion, Frank Dailey and Terry Dailey will be referred to in this opinion by their given names.

A year later, the Daileys filed a petition to set aside a conveyance and asserted claims against their son and daughter-in-law for fraud, breach of fiduciary duty, and conspiracy to commit fraud. The petition also stated claims against Thorpe for breach of fiduciary duty and conspiracy to commit fraud based on her role in the transaction.

Specifically, the Daileys alleged that Thorpe was Terry's niece, she resided in Houston, Texas, and she was employed by Old Republic, which "provide[s] title insurance policies and related real estate transaction and mortgage lending products and services to individual consumers, mortgage Lenders, businesses and government agencies."

With respect to their breach of fiduciary duty claim, the Daileys further alleged that:

> 16. The Defendants were the dominant parties in a confidential or fiduciary relationship with the [Daileys] as it related to the mortgage on the property that is the subject of this action.
>
> 17. Plaintiffs aver that as a result of the actions of Defendants they received no more than ten percent of the proceeds from the mortgage, and they are required to pay the taxes on the property.

The Daileys do not specify what fiduciary duty Thorpe allegedly owed them, how she breached that duty, or even that the alleged breach proximately caused their damages.

With regard to their conspiracy to commit fraud cause of action against Thorpe, the Daileys asserted:

> 19. Plaintiffs aver that Defendants agreed and knowingly and willfully conspired between them to defraud Plaintiffs in mortgaging the property which is the subject of this action without consulting Plaintiffs.
>
> 20. At all times mentioned herein, Defendants knew of each other[s'] actions and intended actions against Plaintiffs, knew of the other Defendants['] resultant obligation to Plaintiffs, and knew that Plaintiffs' claims could only be satisfied out of the funds resulting from the mortgage on the property that is the subject of this action.
>
> 21. Plaintiffs aver that pursuant to this conspiracy they have been generally damaged in the sum of $80,000.00.

Thorpe filed a motion to dismiss the Daileys' claims against her pursuant to Rule of Civil Procedure 91a.1 and asked the trial court to award her costs and attorney's fees. *See* TEX. R. CIV. P. 91a.1 (permitting party to "move to dismiss a cause of action on the grounds that it has no basis in law or fact"), 91a.7 (stating that "the court must award the prevailing party on the motion all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court"). Thorpe's motion argued that the Daileys' petition failed to state a viable claim for breach of fiduciary duty because there were no allegations she breached her fiduciary duty as the escrow officer in closing the real estate transaction. Instead, the Daileys sought to recover against Thorpe for Frank and Terry's alleged failure to pay the mortgage after closing. Thorpe also

4

challenged the Daileys' claim for conspiracy to commit fraud because the Daileys failed to plead there was a meeting of the minds of the conspirators and that there was an unlawful, overt act committed in furtherance of the conspiracy.

The Daileys' response asserts new factual allegations regarding Thorpe—none of which were set forth in their original petition. While they recited the legal elements for statutory fraud in a real estate claim, they did not to relate these elements to any specific allegations in their petition. They also did not offer any explanation or argument as to how Thorpe was to have breached a fiduciary duty in her role as the escrow agent or otherwise. Although they could have done so, the Daileys did not amend their petition in response to Thorpe's motion.

On May 9, 2013, the trial court granted Thorpe's motion to dismiss. Thorpe filed a motion to sever the claims against her into a new cause number, which was granted on June 4, 2013. The Daileys appealed, challenging the dismissal of their claims against Thorpe.

## Discussion

The Daileys argue that the trial court erred when it granted Thorpe's motion to dismiss on the basis of Rule 91a because the causes of action asserted against

her in their petition (i.e., breach of fiduciary duty and conspiracy to commit fraud) had a basis in both law and fact.[2]

## A. Standard of Review and Rule 91a

We review a trial court's ruling on a question of law de novo. *See El Paso Nat'l Gas Co. v. Minco Oil & Gas, Inc.*, 8 S.W.3d 309, 312 (Tex. 1999); *see also City of Austin v. Liberty Mut. Ins.*, 431 S.W.3d 817, 822 (Tex. App.—Austin 2014, no pet.) (reviewing trial court's grant of Rule 91a motion to dismiss de novo); *GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014, pet. filed) (same). Rule 91a, which became effective March 1, 2013, provides for the dismissal of causes of action that have no basis in law or fact on a motion and without evidence. The Rule states in pertinent part that

> a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

TEX. R. CIV. P. 91a.1. Furthermore, "the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the

---

[2]    The Daileys also asserted new causes of action and raised new factual allegations in their response to Thorpe's motion to dismiss and on appeal. These matters are irrelevant for purposes of our review of the trial court's decision to grant the Rule 91a motion, and we need not consider them. *See* TEX. R. CIV. P. 91a.6 (requiring courts to decide Rule 91a motions "*based solely on the pleading of the cause of action*, together with any pleading exhibits permitted by Rule 59") (emphasis added).

cause of action, together with any pleading exhibits permitted by" the rules of civil procedure. TEX. R. CIV. P. 91a.6. Rule 91a.5 contemplates that a nonmovant faced with a motion to dismiss under this rule may choose to nonsuit or amend the challenged causes of action prior to the hearing on the motion, or file a response and rely on its live pleading. *See* TEX. R. CIV. P. 91a.5. The rule further prohibits a court from ruling on a Rule 91a motion if the respondent files a nonsuit of the challenged cause of action at least three days before the motion's hearing date; and, in the event the respondent choses to timely amend its pleadings, the rule allows the movant to withdraw its motion or file an amended motion directed to the amended cause of action before the hearing date. *See* TEX. R. CIV. P. 91a.5(a)–(b).

## B. Breach of Fiduciary Duty

To state a cause of action against Thorpe for breach of fiduciary duty in this context, the Daileys were required to allege and prove that: (1) a fiduciary relationship existed between themselves and Thorpe; (2) Thorpe breached her fiduciary duty to them; and (3) either that they were injured by the breach or that Thorpe benefited as a result of the breach. *See Lundy v. Masson*, 260 S.W.3d 482, 501 (Tex. App.—Houston [1st Dist.] 2008, pet. denied). An escrow officer's fiduciary duties to the parties to a real estate transaction do not extend beyond matters in the closing process of that transaction. *Home Loan Corp. v. Tex. Am.*

7

*Title Co.*, 191 S.W.3d 728, 733–34 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). The Daileys' pleading never alleged that Thorpe breached a fiduciary duty to them in her role as the escrow officer when she closed the underlying sale of the property. Rather, they claimed that they did not receive full payment of their mortgage from Frank and Terry—an event which, as Thorpe points out, could only have occurred *after* the closing. Thorpe was not an obligor under the promissory note and had no duty, fiduciary or otherwise, to ensure Frank and Terry made their monthly mortgage payments. *See id.* Accordingly, there was no basis in law to support the Daileys' claims against Thorpe for breach of fiduciary duty as alleged in the petition. The trial court therefore properly granted the motion and dismissed the Daileys' cause of action for breach of fiduciary duty. *See* TEX. R. CIV. P. 91a.1 ("A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought.").

### C. Conspiracy to Commit Fraud

"Civil conspiracy is a derivative action premised on an underlying tort." *Gary E. Patterson & Assocs., P.C. v. Holub*, 264 S.W.3d 180, 204 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (quoting *Gonzales v. Am. Title Co.*, 104 S.W.3d 588, 594 (Tex. App.—Houston [1st Dist.] 2003, pet. denied)). The elements of civil conspiracy are: (1) two or more persons; (2) an object to be

accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result. *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005) (citations omitted).

The crux of the Daileys' allegation of conspiracy to commit fraud is that Frank, Terry, and Thorpe "agreed and knowingly and willfully conspired between them to defraud [the Daileys] in mortgaging the property which is the subject of this action without consulting [the Daileys]." The documents attached to the pleadings, however, affirmatively disprove the Daileys' claim that they were not consulted about the mortgage in that they establish that the Daileys received $10,000 at closing as a down payment for the property. The exhibits also conclusively establish that the Daileys self-financed the remaining $70,000 of the purchase price through a loan to Frank and Terry secured by a deed of trust. The HUD-1 Settlement Statement, which the Daileys represented they carefully reviewed and confirmed was accurate to the best of their knowledge, also confirms the $70,000 balance as a seller-financed loan to Frank and Terry. As such, these attached documents conclusively prove that the Daileys were consulted on the loan. Indeed, they financed the mortgage to Frank and Terry. Accordingly, the conspiracy to defraud claim is without factual basis and the trial court's grant of Thorpe's motion to dismiss was not error. *See* TEX. R. CIV. P. 91a.1.

**D.      Dismissal of Suit Based on Pleadings**

The Daileys further contend that the trial court erred in dismissing their petition pursuant to Rule 91a based "solely on the documents" and without giving them "an opportunity to be heard in court so that a determination of the credibility and/or demeanor of the parties and their witnesses could have been ascertained." This argument is unavailing. Rule 91a.6 expressly provides that "court *may not consider evidence* in ruling on the [Rule 91a] motion and *must decide the motion based solely on the pleading of the cause of action*, together with any pleading exhibits permitted by Rule 59." TEX. R. CIV. P. 91a.6. Thus, the rule *expressly prohibits* trial courts from considering the type of evidence that the Daileys complain that they were denied an opportunity to present. As such, the trial court's refusal to consider such evidence was not error.

**E.      Opportunity to Replead**

The Daileys also argue that if the court concludes that their pleadings are "defective," they should be given an opportunity to replead because any defects are curable by amendment. First, the Daileys did not ask the trial court for such relief in the event the trial court determined that their asserted causes of action had no basis in law or fact. Second, Rule 91a contemplates that a plaintiff faced with a motion to dismiss under this rule may choose to either nonsuit or amend the challenged causes of action prior to the hearing on the motion. *See* TEX. R. CIV. P.

10

91a.5. The Daileys did neither prior to the hearing on the motion and the Rule does not allow the Daileys an opportunity to cure any defects after the fact.

## Conclusion

We affirm the trial court's judgment.

Jim Sharp
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.