Opinion issued July 12, 2016



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-01096-CV

———————————

## TEXAS CITY PATROL, LLC, Appellant

## V.

## EL DORADO INSURANCE AGENCY, INC., Appellee

---

### On Appeal from the 127th District Court
### Harris County, Texas
### Trial Court Case No. 2015-17486A

---

## MEMORANDUM OPINION

This is an appeal from the trial court's order granting appellee, El Dorado

Insurance Agency, Inc.'s ("El Dorado") motion to dismiss under Texas Rule of Civil

Procedure 91a. In two issues, appellant, Texas City Patrol, LLC, contends that the

trial court erred in dismissing its claims and awarding attorney's fees to El Dorado. We affirm.

## Background

On January 26, 2012, Texas City Patrol, a security company, obtained a commercial automobile insurance policy from Progressive County Mutual Insurance Company ("Progressive") through El Dorado, an insurance agent. The policy was in effect from January 26, 2012 to January 26, 2013.

On December 22, 2012, Zacharias Tabet, a Texas City Patrol employee, was seriously injured in a hit-and-run accident while driving a company vehicle covered under the policy. Texas City Patrol filed a claim with Progressive under its policy's uninsured motorist provision. Progressive initially denied the claim on the basis that Texas City Patrol had purportedly declined uninsured motorist coverage. Thereafter, Texas City Patrol filed a claim with its workers' compensation carrier to pay for Tabet's medical expenses which were approximately $500,000.

Benjamin Nwaneti, President of Texas City Patrol, subsequently met with Lisa Young, an El Dorado employee, regarding the denial of the company's claim. According to Nwaneti, Young presented him with a falsified insurance policy showing that Texas City Patrol had rejected uninsured motorist coverage. Nwaneti insisted, however, that Texas City Patrol had not rejected the coverage. On a later visit to El Dorado's office, Young was not available so Nwaneti asked another El

2

Dorado employee to allow him to review his company's file. Texas City Patrol alleges that this employee located a document in the file reflecting that Texas City Patrol had, in fact, not rejected uninsured motorist coverage. The record reflects that Progressive subsequently paid Tabet $30,000 in uninsured motorist benefits and $2,500 in personal injury protection benefits under the policy.

On March 25, 2015, Texas City Patrol filed suit against Progressive and El Dorado, alleging causes of action under the Texas Deceptive Trade Practices Act ("DTPA") and the Insurance Code, breach of contract, and breach of the duty of good faith and fair dealing. On June 29, 2015, El Dorado answered and counterclaimed against Texas City Patrol.

On July 8, 2015, El Dorado filed a motion to dismiss all claims against it under Texas Rule of Civil Procedure 91a and an affidavit of attorney's fees. Following a hearing, the trial court signed an order on September 25, 2015, granting El Dorado's motion to dismiss and awarding it attorney's fees in the amount of $3,000. In its order, the trial court ruled on Texas City Patrol's claims as follows:

**Texas Prompt Payment of Claims Act**

§542.055          __x__ dismissed                ____ not dismissed

§542.056          __x__ dismissed                ____ not dismissed

§542.057          __x__ dismissed                _____ not dismissed

§542.058          __x__ dismissed                _____ not dismissed

§542.059      __x__ dismissed      _____ not dismissed

§542.060      __x__ dismissed      _____ not dismissed

**Breach of contract**

     __x__ dismissed      ____ not dismissed

**Breach of the duty of good faith and fair dealing**

     __x__ dismissed      ____ not dismissed

**Texas Insurance Code violations**

§542.003      __x__ dismissed      ____ not dismissed

§541.060(a)      __x__ dismissed      ____ not dismissed

§541.060(1)      __x__ dismissed      ____ not dismissed

§541.060(2)(A)      __x__ dismissed      ____ not dismissed

§541.060(3)      __x__ dismissed      ____ not dismissed

§541.060(4)      __x__ dismissed      ____ not dismissed

§541.060(7)      __x__ dismissed      ____ not dismissed

§541.151      __x__ dismissed      ____ not dismissed

**Deceptive Trade Practices Act**

§17.45(b)      __x__ dismissed      ____ not dismissed

§17.50(a)      __x__ dismissed      ____ not dismissed

§17.46(a)      __x__ dismissed      ____ not dismissed

§17.46(b)(5)      __x__ dismissed      ____ not dismissed

§17.46(b)(7)      __x__ dismissed      ____ not dismissed

§17.46(b)(12)      __x__ dismissed      ____ not dismissed

El Dorado moved to sever Texas City Patrol's suit against it, and the trial court granted the motion on November 29, 2015.  This appeal followed.[1]

## Texas Rule of Civil Procedure 91a

Rule 91a, which became effective March 1, 2013, allows a party to move the court to dismiss a groundless cause of action.  TEX. R. CIV. P. 91a.  *See Dailey v. Thorpe*, 445 S.W.3d 785, 788 (Tex. App.—Houston [1st Dist.] 2014, no pet.).  The rule provides that

> a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact.  A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought.  A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

TEX. R. CIV. P. 91a.1.  The rule further provides, with exceptions not relevant here, that the court "must award the prevailing party on the motion all costs and reasonable and necessary attorney fees incurred with respect to the challenged caused of action in the trial court" and "must consider evidence regarding costs and fees in determining the award." TEX. R. CIV. P. 91a.7.

---

[1]      Progressive is not a party to this appeal.

5

We review a dismissal under Rule 91a de novo. *See Dailey*, 445 S.W.3d at 788. We look only to "the pleading of the cause of action, together with any pleading exhibits" and do not consider any other part of the record. TEX. R. CIV. P. 91a.

## Discussion

In its first issue, Texas City Patrol contends that the trial court erred in granting El Dorado's Rule 91a motion to dismiss because all of its claims have a basis in both law and fact. In its second issue, it argues that the trial court erred in awarding $3,000 in attorney's fees to El Dorado.

### A. Prompt Payment of Claims Act ("PPCA")

Texas City Patrol contends that the trial court erred in dismissing its claims brought under sections 542.055 through 542.060 of the PPCA. These sections regulate the actions of insurers, i.e., the issuers of insurance policies, with regard to the payment of claims. Each section specifically refers to the obligations and duties of "insurers." *See* TEX. INS. CODE ANN. §§ 542.055–542.060 (West 2009 & Supp. 2015).

Texas City Patrol argues that the trial court erred in dismissing these claims under Rule 91a as having no basis in law because these causes of action are established by statute. Its argument is without merit. A cause of action has no basis in law if "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a. The

language of sections 542.055–542.060 makes clear that the sections apply only to insurers. *See* TEX. INS. CODE ANN. §§ 542.055–542.060. As it is undisputed that El Dorado is an insurance agent, not an insurance company, Texas City Patrol is not entitled to relief against El Dorado under these sections of the PPCA. *See* TEX. R. CIV. P. 91a.

## B. Breach of Contract

Texas City Patrol argues that the trial court also erred in dismissing its breach of contract claim against El Dorado because its cause of action has a basis in law. However, a review of plaintiff's petition reflects that the only contract to which Texas City Patrol refers is the insurance policy between Texas City Patrol and Progressive. Therefore, any duties owed to Texas City Patrol under the contract of insurance lie with Progressive, not El Dorado. Consequently, Texas City Patrol is not entitled to relief under its breach of contract action against El Dorado. *See id.*

## C. Breach of Duty of Good Faith and Fair Dealing

Texas City Patrol also complains that the trial court erred in dismissing its breach of the duty of good faith and fair dealing cause of action against El Dorado. Texas City Patrol alleged in its petition that El Dorado failed to pay the full amount of the claim and to adequately and reasonably investigate and evaluate Texas City Patrol's claim, and that this conduct constituted a breach of the duty of good faith and fair dealing owed to an insured in insurance contracts.

7

Under Texas law, an insurance agent owes the following common-law duties to a client for whom the agent undertakes to procure insurance: (1) to use reasonable diligence in attempting to place the requested insurance; and (2) to inform the client promptly if unable to do so. *May v. United Servs. Ass'n of Am.*, 844 S.W.2d 666, 669 (Tex. 1992); *Sonic Sys. Int'l, Inc. v. Croix*, 278 S.W.3d 377, 389 (Tex. App.— Houston [14th Dist.] 2008, pet. denied). The Texas Supreme Court has stated that the duty of good faith and fair dealing arises out of a "special relationship" between the insurer and the insured. *See Natividad v. Alexsis*, 875 S.W.2d 695, 697–98 (Tex. 1994); *Arnold v. Nat'l Cty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). Because the duty arises directly out of the contractual relationship between the insured and insurer, it is non-delegable. *See Natividad*, 875 S.W.2d at 697–98. In *Natividad*, the court held that an independent insurance adjuster hired by the insurer owed no duty of good faith and fair dealing to the insured because there was no privity of contract between the two. *See id.* at 698.

Here, as previously noted, the only contract to which the parties refer is the insurance contract between Progressive and Texas City Patrol. Therefore, El Dorado cannot be held liable for a breach of the duty of good faith and fair dealing owed by Progressive to Texas City Patrol as a result of its contractual relationship. *See id.* The trial court properly dismissed Texas City Patrol's claim for breach of the duty of good faith and fair dealing against El Dorado.

## D. Insurance Code and DTPA Violations

Texas City Patrol also asserted causes of action based on El Dorado's alleged failure to comply with Insurance Code sections 542.003, 541.060(a)(1)-(4) and (7), and 541.151, and sections 17.45(b), 17.46(a) and (b)(5), (7), and (12), and 17.50(a) of the DTPA. Texas City Patrol argues that the trial court erred in dismissing these claims because each of these claims has a basis in law.

Section 542.003, which prohibits an insurer from engaging in unfair claim settlement practices and enumerates the acts which constitute such practices, is clearly directed at insurers. TEX. INS. CODE ANN. § 542.003 (West 2009). As El Dorado is not an insurer, Texas City Patrol is not entitled to relief under this section. *See* TEX. R. CIV. P. 91a.

Similarly, section 541.060(a)(2)(A) (failing to effectuate a prompt, fair, and equitable settlement of a claim where insurer's liability is reasonably clear), section 541.060(a)(3) (failing to explain to a policyholder the insurer's denial of a claim), section 541.060(a)(4) (failing to affirm or deny coverage to the policyholder), and section 541.060(a)(7) (refusing to pay a claim without conducting an investigation) address the duties owed by an insurer who issued a policy of insurance to an insured. TEX. INS. CODE ANN. § 541.060 (West 2009). Because El Dorado is not an insurer, Texas City Patrol is not entitled to relief under section 541.060(a)(2)(A), (3), (4), or (7).

Section 541.060(a)(1) provides that it is "[i]t is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary: (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue . . . ." TEX. INS. CODE § 541.060(a)(1). Section 541.151(1) provides that "[a] person who sustains actual damages may bring an action against another person for those damages caused by the other person engaging in an act or practice" prohibited under section 541.060. TEX. INS. CODE ANN. § 541.151 (West 2009).[2]

El Dorado asserts that, based on the facts pleaded, this Court must presume that El Dorado misrepresented to Texas City Patrol that Texas City Patrol had rejected uninsured motorist coverage when, in fact, it had not, and, therefore, section 541.060(a)(1) could apply in the literal sense and provide a cause of action for an unfair settlement practice against El Dorado. However, it was Progressive's duty to engage in fair settlement practices under its insurance policy. El Dorado had not issued a policy of insurance. El Dorado's alleged misrepresentation to Texas City Patrol that it did not have uninsured motorist coverage did not cause its damages,

---

[2]     "'Person' means an individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster, or life and health insurance counselor." TEX. INS. CODE ANN. § 541.002 (West 2014).

10

i.e., denial of its uninsured motorist claim, and thus section 541.060(a)(1) does not provide a basis for relief against El Dorado.

Section 541.151(2) provides that "[a] person who sustains actual damages may bring an action against another person for those damages caused by the other person engaging in an act or practice . . . specifically enumerated in Section 17.46(b), Business & Commerce Code, as an unlawful deceptive trade practice if the person bringing the action shows that the person relied on the act or practice to the person's detriment." TEX. INS. CODE ANN. § 541.151(2). In its petition, Texas City Patrol alleged that El Dorado's actions violated sections 17.45(b),[3] 17.46(a),[4] 17.46(b)(5), (7), and (12), and 17.50(a) of the DTPA. TEX. BUS. & COM. CODE ANN. §§ 17.45, 17.50 (West 2011), 17.46 (West Supp. 2015). These sections provide as follows:

### § 17.46. Deceptive Trade Practices Unlawful

(a) False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful and are subject to action by the consumer protection division under Sections 17.47, 17.58, 17.60, and 17.61 of this code.

---

[3]  Section 17.45, which defines the terms used in the DTPA, does not have a subsection (b). *See* TEX. BUS. & COM. CODE ANN. § 17.45 (West 2011).

[4]  Section 17.46(a), which declares false, misleading, or deceptive acts or practices in the conduct of any trade or commerce as unlawful and subject to action by the consumer protection division, does not, in and of itself provide, a basis for relief. *See* BUS. & COM. CODE ANN. § 17.46(a) (West Supp. 2015).

(b) Except as provided in Subsection (d) of this section, the term "false, misleading, or deceptive acts or practices" includes, but is not limited to, the following acts:

. . . .

(5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not;

. . . .

(7) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

. . . .

(12) representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law . . . .

(d) For the purposes of the relief authorized in Subdivision (1) of Subsection (a) of Section 17.50 of this subchapter, the term "false, misleading, or deceptive acts or practices" is limited to the acts enumerated in specific subdivisions of Subsection (b) of this section.

TEX. BUS. & COM. CODE ANN. § 17.46 (West Supp. 2015).

## § 17.50. Relief for Consumers

(a) A consumer may maintain an action where any of the following constitute a producing cause of economic damages or damages for mental anguish:

(1) the use or employment by any person of a false, misleading, or deceptive act or practice that is:

(A) specifically enumerated in a subdivision of Subsection (b) of Section 17.46 of this subchapter; and

12

> (B) relied on by a consumer to the consumer's
> detriment;
>
> (2) breach of an express or implied warranty;
>
> (3) any unconscionable action or course of action by any
> person; or
>
> (4) the use or employment by any person of an act or
> practice in violation of Chapter 541, Insurance Code.

TEX. BUS. & COM. CODE ANN. § 17.50 (West 2011). Thus, sections 541.151(2) and 17.50 provide consumers with relief for violations of section 17.46(b).

Here, Texas City Patrol specifically alleged in its petition that El Dorado's actions constituted violations of subsections (b)(5), (7), and (12). However, sections 541.151(2) and 17.50 provide relief for the acts enumerated under section 17.46(b) where the deceptive act or practice is relied on by the person to the person's detriment. Texas City Patrol did not rely on El Dorado's alleged misrepresentation that Texas City Patrol had rejected uninsured motorist coverage. In fact, Texas City Patrol alleged just the opposite in its petition, stating that "Mr. Nwaneti insisted that Texas City Patrol did not reject uninsured motorist coverage." Taking these allegations as true, Texas City Patrol's claims based on sections 541.151(2), 17.46(b)(5), (7), (12), and section 17.50(a) do not entitle Texas City Patrol to the relief sought. *See* TEX. R. CIV. P. 91a.

Having concluded that the trial court did not err in granting El Dorado's 91a motion to dismiss, we overrule Texas City Patrol's first issue.

13

### E. Award of Attorney's Fees

In its second issue, Texas City Patrol contends that the trial court erred in awarding attorney's fees to El Dorado because it did not prove up its fees.

Rule 91a.7 states

> Except in an action by or against a governmental entity or a public official acting in his or her official capacity or under color of law, the court must award the prevailing party on the motion all costs and reasonable attorney fees incurred with respect to the challenged cause of action in the trial court. The court must consider evidence regarding costs and fees in determining the award.

TEX. R. CIV. P. 91a.7. Thus, excluding actions by or against a governmental entity or a public official, the rule's language suggests that an award of attorney's fees to the prevailing party on a rule 91a motion to dismiss is mandatory, not discretionary. *See Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998) ("Statutes providing that a party 'may recover,' 'shall be awarded,' and 'is entitled to' attorney fees are not discretionary."). The determination of reasonable attorney's fees is a matter within the sound discretion of the trial court. *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 881 (Tex. 1990).

Here, El Dorado's counsel, Carlos Peniche, filed an affidavit regarding the attorney's fees incurred by El Dorado related to the motion to dismiss. The affidavit, to which a redacted invoice was attached, established Peniche's qualifications to give an opinion on attorney's fees, the hours devoted to the matter, the rate charged, the work performed, and that the fees were reasonable and necessary. He further

14

stated that the fees and expenses sought by El Dorado were ones customarily charged in this area for the same or similar services for an attorney with his experience, reputation, ability, considering the amount in controversy, the time limitations imposed, the results obtained, and the nature and length of his relationship with the client. El Dorado requested attorney's fees and expenses in the amount of $4,979, but the trial court awarded it only $3,000. The trial court did not abuse its discretion in its award of attorney's fees to El Dorado. Accordingly, we overrule Texas City Patrol's second issue.

## Conclusion

We affirm the trial court's order granting El Dorado's Rule 91a motion to dismiss and awarding it attorney's fees.

Russell Lloyd
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.

15