

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

————————————————

No. 02-20-00419-CV

————————————————

MATTHEW TEEL, Appellant

V.

AUTONATION MOTORS, LLC, Appellee

On Appeal from the 462nd District Court
Denton County, Texas
Trial Court No. 20-2324-462

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Wallach

# MEMORANDUM OPINION

## I. Introduction

The trial court granted Appellee Autonation Motors, LLC's first amended Rule 91a motion to dismiss Appellant Matthew Teel's fraud, Deceptive Trade Practices Act (DTPA), and Federal Odometer Act claims arising out of a used car sale. On appeal, Teel argues in his first point that the trial court erred by granting the motion after improperly considering exhibits Autonation had attached to its motion, and he argues in his second point that each of his causes of action alleged a sufficient legal and factual basis. Because Teel's pleadings were insufficient as a matter of law, we affirm the trial court's judgment based on his second point, which eliminates the need to address his first point.[1] *See* Tex. R. App. P. 47.1.

## II. Discussion

Dismissal is appropriate under Rule 91a "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought . . . [or] no reasonable person could believe the facts pleaded." *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (citing Tex. R. Civ. P. 91a). We review a Rule

---

[1]Autonation contends that Teel failed to preserve his first point, but because we do not reach Teel's first point, we likewise do not reach this argument. *See* Tex. R. App. P. 47.1; *Foster v. Foster*, No. 02-20-00327-CV, 2021 WL 2373329, at *4 (Tex. App.— Fort Worth June 10, 2021, pet. denied) (mem. op.) (avoiding preservation issue when there was at least one basis for the Rule 91a motion that was not dependent on the motion's attachments).

91a motion's merits de novo because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review. *Id.*

If a claimant's factual allegations in his pleadings, taken as true, and the reasonable inferences to be drawn from those allegations do not entitle the claimant to the relief sought, then the claim has no basis in law. *Fiamma Statler, LP v. Challis*, No. 02-18-00374-CV, 2020 WL 6334470, at *8 (Tex. App.—Fort Worth Oct. 29, 2020, pet. denied) (mem. op.). For example, the petition might allege too few facts to show a viable, legally cognizable right to relief, or the petition might allege additional facts that, if true, bar recovery (i.e., the plaintiff pleads himself out of court). *Id.* Rule 91a limits a court's factual inquiry to the plaintiff's pleadings, but it does not so limit the court's legal inquiry. *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 656 (Tex. 2020).

## A. Teel's live pleading

In Teel's first amended petition, which he filed after Autonation filed its initial Rule 91a motion, Teel made the following factual allegations:

> On or about February 9, 2020, Plaintiff purchased a 2005 Ford SuperDuty F-250, VIN#XXXXXXXXXXXXXXXXX from Defendant for $7000.00. Plaintiff paid in full for the vehicle and took possession of it. At the time of the purchase, the mileage was represented to be 181,000 and that is what the odometer on the truck actually read. Defendant did not show Plaintiff a copy of the title at the time of the sale.
>
> Defendant did not disclose the odometer discrepancy to Plaintiff nor show the title to Plaintiff as required by law.

Upon information and belief, Defendant tampered with the odometer.

Plaintiff relied upon the representations made by Defendant regarding the mileage of the vehicle in making his decision to purchase the vehicle.

Teel used these allegations as the basis for his fraud, DTPA, and Federal Odometer Act claims.

As to his fraud claim, Teel additionally alleged that Autonation had induced him to purchase the truck by misrepresenting and omitting material facts, which he did not identify; that Autonation had known such representations to be false or had made the representations recklessly or with no reasonable grounds for believing them to be true; and that its omissions were "material and important." Teel further alleged that Autonation had intended to deceive him and that it had intended that he would rely on its representations, "which he did, to his detriment, suffering greatly thereby."

As to his DTPA claims, Teel's live pleading alleged as follows:

Defendant Autonation Motors, LLC violated the [DTPA] by engaging in false, misleading and/or deceptive acts or practices. Specifically, Defendant represented that the contract had sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities, which it does not have, or that a person has a sponsorship, approval, status, affiliation, or connection which he/she does not have" [Texas Business & Commerce Code §17.46(b)(5)]; representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; [Texas Business & Commerce Code 17.46(b)(7); knowingly making false or misleading statements of fact concerning the need for parts, replacement, or repair service [Texas Business & Commerce Code §17.46(b)(13)]; misrepresenting that work or services have been performed on, or parts replaced in, goods when the work or services were not performed or the parts replaced §17.46(b)22]; the failure

4

to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.[Texas Business & Commerce Code §17.46(b)(24)]

Additionally, Defendant Autonation Motors, LLC engaged in an unconscionable action or course of action, which, to Plaintiff's detriment, took advantage of the lack of knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree. [Texas Business & Commerce Code §17.50(a)(3)].

*See generally* Tex. Bus. & Com. Code Ann. §§ 17.46(b)(5), (7), (13), (22), (24), 17.50(a)(3). Teel alleged that Autonation's "foregoing acts and omissions" also constituted violations of the Federal Motor Vehicle and Cost Savings Act, 49 U.S.C. §§ 32701, 32703(3), entitling him to treble damages or $10,000, "whichever is greater, together with reasonable attorney's fees and costs." *See* 49 U.S.C.A. § 32710 (providing for civil actions by private persons for violations of the federal odometer statute). He also sought economic damages, stating, "Plaintiff will suffer a great loss at the time it becomes necessary to trade in or sell the vehicle because of the odometer problem. Alternatively, Plaintiff is entitled to recover the difference in value between the vehicle as represented and the actual value." Teel did not allege the vehicle's actual value.

**B. Autonation's answers and Rule 91a motions**

Autonation initially filed a verified answer containing a general denial, as well as a specific denial that it had altered the odometer, misrepresented any odometer discrepancy, or failed to disclose any odometer discrepancy to Teel. It also raised affirmative defenses, including that Autonation was not liable because any conduct

alleged by Teel under the Federal Odometer Act was not the producing cause of Teel's damages.[2] A week later, Autonation moved to dismiss Teel's claims under Rule 91a, arguing, among other things, that Teel's claims lacked a basis in law under 49 C.F.R. § 580.17(a)(3)[3] because the vehicle was manufactured in 2005 and was transferred more than 10 years after its manufacture, making Autonation exempt from any mileage disclosure requirements.

When Teel amended his petition to add the DTPA claims set out above,[4] Autonation filed an amended answer and an amended Rule 91a motion, attaching all of

---

[2]Referencing Rule of Civil Procedure 59, Autonation attached to and incorporated into its answer eight exhibits purporting to show the vehicle's mileage before and after Autonation acquired it and after Teel acquired it, as well as the various sales documents that the parties signed. Autonation subsequently attached these documents to its initial and amended Rule 91a motions.

[3]49 C.F.R. § 580.5 generally requires that when a physical or electronic title is issued or made available to a transferee, it must contain the mileage disclosed by the transferor when the vehicle's ownership is transferred. 49 C.F.R. § 580.5. But 49 C.F.R. § 580.17(a)(3)(i) states that notwithstanding § 580.5's requirements, the transferor of a vehicle manufactured in or before the 2010 model year that is transferred at least 10 years after January 1 of the calendar year corresponding to its designated model year "need not disclose the vehicle's odometer mileage." *Id.* § 580.17(a)(3)(i).

[4]Teel also filed a response to Autonation's initial Rule 91a motion. In his response, he alleged additional facts, but we may not consider them in our Rule 91a analysis because Rule 91a's plain language specifies that the motion is decided "based solely on the *pleading* of the cause of action, together with any pleading exhibits permitted by Rule 59." Tex. R. Civ. P. 91a.6 (emphasis added); *see* Tex. R. Civ. P. 45 (defining pleadings to be the petition and the answer).

6

its original exhibits as well as four new ones.[5] Teel did not file an amended response to the amended Rule 91a motion and he did not amend his pleadings. Teel also did not challenge any deficiencies in Autonation's amended Rule 91a motion other than to note at the Rule 91a hearing that "we have to rely on the pleadings as pled," and arguing in a postjudgment motion and at the hearing thereon that the trial court could not consider Autonation's exhibits. *Cf. AC Interests, L.P. v. Tex. Comm'n on Envtl. Quality*, 543 S.W.3d 703, 706 (Tex. 2018) (stating that a Rule 91a motion must identify each cause of action to which it is addressed and state specifically the reasons the cause of action has no basis in law, fact, or both).

**C. Analysis**

In his second point, Teel complains that his causes of action had bases in law and in fact sufficient to defeat Autonation's motion. As set out above, Teel relied on the same factual allegations to support each of his fraud, DTPA, and Federal Odometer Act claims.

### 1. Fraud

Teel alleged that Autonation had induced him to purchase the truck through misrepresenting and omitting material facts, that Autonation knew such representations to be false or made the representations recklessly or with no reasonable grounds for

---

[5]Autonation also requested attorney's fees under Rule 91a and supported the request with an affidavit. *See* Tex. R. Civ. P. 91a.7. The trial court awarded attorney's fees to Autonation in its order granting the motion to dismiss.

believing the representations to be true and that its omissions were material and important. Teel further alleged that Autonation had intended to deceive him and that it had intended for him to rely on its representations, which he did, to his detriment. Teel, however, did not allege that his reliance on Autonation's representations was justifiable, and justifiable reliance is an element of fraud. *Cf. Fiamma Statler, LP*, 2020 WL 6334470, at *9 (setting out the elements required to allege fraud); *Spicer v. Maxus Healthcare Partners, LLC*, 616 S.W.3d 59, 119 (Tex. App.—Fort Worth 2020, no pet.) (op. on reh'g) (observing that while reliance is usually a fact question for which a factfinder must consider the plaintiff's individual characteristics, abilities, and appreciation of the facts and circumstances at or before the time of the alleged fraud, "a person may not justifiably rely on a representation if there are 'red flags' indicating such reliance is unwarranted").[6] A conclusory restatement of a claim's legal elements with no

---

[6]Cases alleging fraud or DTPA violations after the acquisition of a used vehicle are not unusual. *See, e.g.*, *Left Gate Prop. Holding, LLC v. Nelson*, No. 14-19-00247-CV, 2021 WL 1183863, at *2 (Tex. App.—Houston [14th Dist.] Mar. 30, 2021, no pet.) (mem. op.) (stating that, after purchase, buyer allegedly discovered used car's "dirty title" in Carfax vehicle report); *Mac Haik Chevrolet Ltd. v. Diaz*, No. 01-09-00708-CV, 2011 WL 286124, at *1 (Tex. App.—Houston [1st Dist.] Jan. 27, 2011, pet. denied) (mem. op.) (stating that, after purchase, buyer allegedly discovered a switch underneath used car's steering wheel that caused speedometer and odometer to stop functioning); *Padgett's Used Cars & Leasing, Inc. v. Preston*, No. 04-04-00579-CV, 2005 WL 2290249, at *1 (Tex. App.—San Antonio Sept. 21, 2005, no pet.) (mem. op.) (stating that, after purchase, disabled buyer learned that the used car's odometer "had rolled over 100,000 miles at least once and possibly twice" notwithstanding oral representations made by seller and the 56,654 mileage shown on the odometer).

supporting factual allegations is insufficient to demonstrate a basis in fact or law. *Fiamma Statler, LP*, 2020 WL 6334470, at *12.

Further, Teel did not include in his amended petition—as opposed to his response to the Rule 91a motion—the truck's actual mileage in comparison to what he alleged that the odometer had read when he purchased it. And Teel's damages were purely speculative when he referenced a future economic loss and did not allege the vehicle's actual value in comparison to its represented value at the time of sale ($7,000).

Because Teel could have amended his pleadings to add allegations of justifiable reliance, the vehicle's actual mileage and value, and his damages before the Rule 91a hearing but did not, the trial court did not err by dismissing this claim under Rule 91a. *See Dailey v. Thorpe*, 445 S.W.3d 785, 790 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (explaining that Rule 91a contemplates that a plaintiff faced with a motion to dismiss may choose to either nonsuit or amend the challenged causes of action prior to the motion hearing but that the rule does not allow the plaintiff an opportunity to cure any defects after the fact). We overrule this portion of Teel's second point.

### 2. DTPA Claims

As set out above, Teel alleged boilerplate DTPA claims that had little relation to his sparse factual allegations, and he failed to identify in his amended petition the mileage discrepancy. "Unadorned recitals of the elements of a cause of action, supported by mere conclusory statements, fail to sufficiently allege a cause of action under the fair-notice and Rule 91a standards." *Fiamma Statler, LP*, 2020 WL 6334470,

at *12. Further, unlike in his fraud allegations, Teel did not allege that he had relied on any of the Section 17.46(b) representations to his detriment. *Cf.* Tex. Bus. & Com. Code Ann. § 17.50(a)(1)(B) (setting forth elements of DTPA claims based on the Section 17.46(b) "laundry list"). And he did not include sufficient facts in his amended petition to support his lack of knowledge, ability, experience, or capacity to engage in the used-car transaction. *Cf. id.* § 17.50(a)(3). The trial court did not err by dismissing this claim, and we overrule this portion of Teel's second point.

### 3. Federal Odometer Act

Teel alleged that his fraud and DTPA claims supported his claim for violations of the Federal Motor Vehicle and Cost Savings Act under 49 U.S.C. § 32701 and 49 U.S.C. § 32703(3). 49 U.S.C. § 32701 sets forth Congress's findings and the purpose of the statute dealing with odometers. 49 U.S.C.A § 32701(a)–(b). 49 U.S.C. § 32703(3) states that a person may not "with intent to defraud, operate a motor vehicle on a street, road, or highway if the person knows that the odometer of the vehicle is disconnected or not operating." *Id.* § 32703(3).

Notwithstanding the failure of the above claims upon which Teel's federal claims are based, in his sparsely pleaded facts, Teel stated that on or about February 9, 2020, he purchased "a 2005 Ford" with mileage represented to be 181,000; claimed that Autonation did not disclose an odometer discrepancy to him; and asserted that

Autonation had tampered with the odometer. He did not identify the discrepancy,[7] allege that Autonation had operated the truck while knowing the odometer was disconnected or not operating, *cf. id.*, or otherwise indicate how the alleged tampering damaged him beyond alleging that he "will suffer a great loss" at a future point when trading in or selling the vehicle "because of the odometer problem." He likewise did not acknowledge that under his pleadings and 49 C.F.R. § 580.17(a)(3)(i), Autonation could transfer the vehicle without an odometer mileage disclosure. *See* 49 C.F.R. § 580.17(a)(3)(i).[8] Accordingly, the trial court did not err by dismissing this claim, and we overrule the remainder of Teel's second point.

### III. Conclusion

Having overruled Teel's dispositive point, we affirm the trial court's judgment.

---

[7]On appeal, Teel asserts that "he learned that the mileage on the truck was much greater than he had been told." But in his pleadings, Teel did not allege that the actual mileage was greater (or lesser) than the 181,000 represented to him. Teel skipped that critical step in his allegations.

[8]In his response to Autonation's initial Rule 91a motion, Teel argued that notwithstanding the exempt status, Autonation was still required to show any odometer discrepancy under 15 U.S.C. § 1988(a). 15 U.S.C. § 1988 was repealed in 1994. Pub. L. 103-272, § 7(b) (July 5, 1994) (108 Stat. 1379). It was replaced in part by 49 U.S.C. § 32705, which sets out the disclosure requirements—including odometer mileage—on motor vehicle transfers but provides that the Secretary of Transportation "may exempt such classes or categories of vehicles as the Secretary deems appropriate from these requirements." 49 U.S.C.A. § 32705(a)(1), (5). 49 C.F.R. §§ 580.1–.17 set out the rules implementing 49 U.S.C. § 32705. *See* 49 C.F.R. § 580.1 ("This part prescribes rules . . . as directed by . . . 49 U.S.C. 32705(a) and (c).").

11

/s/ Mike Wallach

Mike Wallach

Justice

Delivered:  January 13, 2022