**R. F. WINSTON et al., Appellants,**

v.

**LAKE JACKSON BANK, Appellee.**

**No. 1897.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Nov. 22, 1978.

Thomas Osa Harris, Harris & Rea, Houston, for appellants.

W. Edwin Denman, Wommack, Denman & Hardin, Lake Jackson, for appellee.

CIRE, Justice.

This is an appeal from a summary judgment rendered in favor of Lake Jackson Bank ("the Bank") on a promissory note endorsed by appellants Robert F. and Christine Winston.

Appellants urge that it was error to render a summary judgment because there was evidence raising a fact issue as to whether the bank officers breached a fiduciary duty in failing to inform them that by endorsing the note in their individual capacities they were incurring individual liability under sections 3.401 and 3.403 of the Texas Business and Commerce Code.

The note in question was the last in a series of notes executed by R. F. Winston and Associates, Inc., a corporation formed in 1962 by appellant, Robert Winston. The note was secured by a security interest in an "Engineer Program" and was signed by Mr. Winston as agent for the corporation. On the reverse side, the note was endorsed by both Robert and Christine Winston individually at the request of the bank officer.

Appellee moved for a summary judgment, producing the note and an affidavit from the bank president as evidence. In opposing the motion appellants submitted their own affidavits and pleadings wherein they attempted to raise a fact issue with regard to a fiduciary relationship with the bank. This consisted primarily of the following representations: that there had been "extensive prior dealings" between appellants, individually and as a corporation, and the Bank; that Mr. Waltrip, the bank president, had been the financial advisor to both Mr. Winston and the corporation; and that there had been a series of prior corporate notes resulting in an "understanding" that the liability was to be corporate only.

It is true that a fiduciary relationship may arise from informal moral, social, domestic, or personal dealings as well as from technical relationships such as attorney-client. *Mills v. Gray,* 147 Tex. 33, 210 S.W.2d 985 (1948). We do not feel, however, that there is any evidence here to show such justifiable trust and confidence as would create a fiduciary relationship. Other than the general claims of "extensive prior dealings", appellants allege no specific facts which may be said to demonstrate a fiduciary relationship. As the Texas Supreme Court stated in *Thigpen v. Locke,* 363 S.W.2d 247, 253 (Tex.Sup.1962):

> We may assume that respondents did trust Mr. Thigpen; they have testified so time and time again, but mere subjective trust alone is not enough to transform arms-length dealing into a fiduciary relationship so as to avoid the statute of frauds. Businessmen generally do trust one another, and their dealings are frequently characterized by cordiality of the kind testified to here. If we should permit respondents to set aside their conveyances on such slender evidence, the security of contracts and conveyances in this state would be seriously jeopardized.

Appellants themselves contend that a fiduciary relationship exists where one party is justified in placing confidence in the belief that the other party will act in its interest. *Thigpen v. Locke,* supra, at 253. Here the evidence shows that appellants had secured a number of loans from the bank and that a debtor-creditor relationship had existed between them for several years. The Supreme Court held in the *Thigpen* case that "respondents do not testify to facts—other than their own subjective feelings—which show that their relationship . . . was anything more than a debtor-creditor relationship." 363 S.W.2d at 253. Accordingly, appellants were not justified in assuming that the Bank would act in their interest.

■ Appellants further urge that the superior understanding by the Bank of the legal effect of the endorsements raised some sort of duty to explain the legal ramifications thereof. According to appellants,

the fact that the personal endorsement will create individual liability is not apparent to a layman. The law is that where no fraud is involved, "a party is charged with having known the legal effect of a contract voluntarily made." *Barfield v. Howard M. Smith Co. of Amarillo,* 426 S.W.2d 834, 838 (Tex. Sup.1968).

■ Finally, appellants contend that the bank officer who instructed Christine Winston to endorse the note effectively misrepresented the purpose and effect of her endorsement. It is argued that his statement that the signature was "primarily to satisfy the bank examiners" gave the impression that the endorsements were mere formalities rather than legally binding acts. We do not construe this statement as a representation of no personal liability. On the contrary, the bank officer had the right to assume the person with whom he was dealing had customary business understanding and knew the effect of a personal endorsement. His statement to Mrs. Winston in no way misrepresented the facts concerning her liability.

The Bank demonstrated as a matter of law that it was entitled to a summary judgment. Since appellants failed to show the existence of a fact issue with respect to their affirmative defense of fiduciary relationship, we affirm the judgment of the trial court.

Affirmed.